**UNITED STATES, Plaintiff,**

v.

**Charles F. ROY, Jr. et al., Respondent.**

**No. CR.A. 00–40013–NMG.**

United States District Court,
D. Massachusetts.

May 13, 2003.

David H. Hennessy, U.S. Attorney's Office, Worcester, MA, for USA, Plaintiff.

Martin D. Boudreau, Milton, MA, Michael F. Natola, McBride & Natola, Boston, MA, for Defendants.

**MEMORANDUM AND ORDER**

GORTON, District Judge.

Defendant Charles F. Roy, Jr. seeks to suppress the contents of recorded telephone conversations in which he participated while in custody because the government lacked his consent to record those conversations.

## I. *Factual Background*

Defendant was indicted for eight crimes under the following counts of the complaint: (1) conspiracy to distribute cocaine base, (2) possession of cocaine base with intent to distribute and distribution of cocaine base, (4) conspiracy to distribute marijuana, (5) interstate travel in aid of racketeering enterprise (to rob a marijuana dealer), (6) possession of marijuana with intent to distribute, (7) use of a firearm during and in relation to a drug trafficking crime (discharging a firearm during said robbery), (8) witness tampering (attempting to intimidate a witness to said robbery) and (9) retaliation against a witness (attempting to intimidate a witness against defendant's acquaintances who were charged in a separate indictment by firing a gun into the witness's dwelling).[1]

Sometime between January and September, 2000, the prison facility in which defendant was incarcerated recorded several of his telephone conversations with persons outside of the prison. The government seeks to use the substance of some of those conversations at trial.

Defendant moved for an audibility determination of those recordings and to suppress them because they were unlawfully obtained. At a hearing on April 2, 2003, this Court took those motions under advisement pending further response from the parties. Thereafter, the parties filed a joint stipulation of facts with respect to the motion to suppress and requested that this Court decide the motion on the papers.

In their stipulation, the parties agreed to the following pertinent facts relating to the pending motion to suppress:

1. In September 1999, the Worcester County House of Corrections ("WCHOC"), where defendant was at all relevant times confined, approved procedures for inmate telephone use which required inmates to complete a form identified as the Telephone System Number Request. The form notifies inmates who want to make telephone calls that "[a]ll calls, excluding authorized attorney calls, are subject to electronic monitoring, recording, and detailing. This information may be used for any lawful purpose."

2. Before inmates may use the telephone, they must sign and date the form but the practice of requiring inmates to complete and sign the form was not uniformly adopted and followed until September 2000, after the subject telephone conversations took place.[2]

3. The government can establish neither that defendant signed a Telephone System Number Request before making the telephone calls at issue nor that defendant received the written legend on that form advising inmates that all non-attorney calls were subject to monitoring and recording.

4. Before defendant began his detention at WCHOC in January, 2000, all calls from inmates to non-attorneys were preceded by the following recorded message:

---

1. Count 3 applies only to the co-defendant and Counts 1, 2, 3 and 9 have been severed from the remaining counts.

2. The government submitted a Telephone System Number Request form signed by defendant on December 1, 2000.

You have a collect call from [name of inmate as given by inmate] an inmate at Worcester County Jail. This call is from a correctional institution and is subject to monitoring and recording. If you do not wish to accept this call, please hang up now. To accept the call, press zero.

That message is heard by both the inmate and the party to whom the call is made and the conversation cannot begin until after the recorded message has played and the receiving party has elected to continue it by pressing zero.

5. The defendant does not deny that he heard the recording before each telephone conversation that is at issue.

## II. *Legal Analysis*

### A. Motion for Voir Dire (Docket No. 136)

Defendant moved without opposition that this Court conduct a voir dire hearing concerning the audibility of certain conversations in which he was a participant. At the April 2, 2003 hearing, the parties did not present the recordings for an audibility hearing and agreed to attempt to resolve the matter without Court intervention. Because the recently filed joint stipulation did not mention the audibility issue, the Court presumes that the parties have resolved it and defendant's motion for voir dire will, therefore, be denied as moot.

### B. Motion to Suppress Evidence of Recorded Conversations (Docket No. 136)

Defendant moves the Court to suppress the recorded conversations, audible or not, because they were unlawfully obtained under federal law. Specifically, defendant argues that the recording of the conversations violated Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510 *et seq.* ("Title III"), which forbids the interception of telephone calls, and use of such as evidence, without court authorization. *See* 18 U.S.C. §§ 2511, 2515–16. The government responds that the recording was lawful because defendant consented.

Title III contains the following exception to its prohibition on wiretapping:

It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

*See* 18 U.S.C. § 2511(2)(c). The First Circuit has held that a prison inmate's "express acceptance" of having his calls recorded as a condition for using the telephone is "consent" sufficient for purposes of § 2511(2)(c). *United States v. Footman*, 215 F.3d 145, 155 (1st Cir.2000). Before the inmate in *Footman* could use the telephone in a Massachusetts prison, he was required to sign a form stating that he understood that any calls to persons other than attorneys were monitored and recorded. Furthermore, each telephone bore a sticker reminding inmates of that fact and a recorded message, similar to the one quoted above, played for both parties to hear prior to the call. *Id.* at 154.

The facts of this case do not correspond precisely with those in *Footman* because the government here cannot show that defendant "expressly consented" to the interception and recording of the telephone calls at issue. The only evidence that Roy consented to the interception and recording is the fact that he was exposed to the message informing him that the call was subject to being recorded. However, only the other party to the call had to express affirmatively his consent by pressing zero. Defendant's consent is merely passive or

implied. The question is, therefore, whether implied consent is sufficient to invoke the consent exception of Title III.

It is settled law in the First Circuit that "[t]he consent exemption under Title III is construed broadly as encompassing implied consent." *Gilday v. Dubois*, 124 F.3d 277, 296, 297 (1st Cir.1997) (internal quotation marks omitted); *see also Williams v. Poulos*, 11 F.3d 271, 282 (1st Cir.1993) (stating that implied consent obtains where party to conversation was provided with at least "minimal knowledge" of the scope of interception.). Indeed, the relevant language of Title III requires "prior consent" but does not limit it to "express" consent. 18 U.S.C. § 2511(2)(c). Moreover, inmates have few expectations of privacy in their communications. *Footman*, 215 F.3d at 155. Surely implied consent in the prison context, where inmates have few expectations of privacy and where prison officials are afforded deference and flexibility to manage the prison efficiently, is as powerful as express consent. *Footman*, 215 F.3d at 155 (quoting *Sandin v. Conner*, 515 U.S. 472, 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)).

Here, defendant was provided clear information (the recorded message that he does not deny hearing) before each telephone call as to the scope of the interception ("This call is . . . subject to monitoring and recording."). Defendant chose to proceed with the conversations and therefore impliedly consented to the government's recording thereof. While there may be close questions in this area occasionally, *see id.* at 155 n. 14, this is not one of them.

Although there is no need to go further, it is worth noting that the other party to each call initiated by defendant also gave consent sufficient to invoke the pertinent exception of Title III. *See* 18 U.S.C. § 2511(2)(c) (requiring only one party to give prior consent for consent exception to apply). The First Circuit has relied on that statutory provision to uphold telephone recording in the prison context under circumstances strikingly similar to those at bar.[3] *See Gilday*, 124 F.3d at 296; *see also United States v. Correa*, 220 F.Supp.2d 61, 63 n. 2 (D.Mass.2002); *cf. Footman* 215 F.3d at 155 n. 12 (leaving open question whether person outside prison context consents under Title III merely by accepting call preceded by phone company announcement that call is being recorded).

Here, those to whom defendant made calls expressly consented to participate in the telephone conversations by "press[ing] zero", thereby signifying their acceptance of the possible recording thereof. *See Gilday*, 124 F.3d at 296 ("Thus, upon dialing '1' the party reached at the number dialed by the inmate consents to the [call and recording] prior to any communication with the inmate."). Based on defendant's implied consent and the third party's express consent, this Court will deny defendant's motion to suppress the recorded conversations to the extent that defendant bases his motion on the argument that such conversations were illegally recorded.

### ORDER

Pursuant to the foregoing memorandum, defendant's motion for voir dire (Docket No. 136) is **DENIED** as moot and his motion to suppress (Docket No. 136) is **DENIED**.

So ordered.

---

3. The only factual difference between the recorded message preceding the telephone call in *Gilday* and the message in this case is that the message in *Gilday* stated that "all" conversations "will be recorded." *Gilday*, 124 F.3d at 296.